Cabell, J.
delivered the opinion of the court. It was, unquestionably, the intention of the testator Campbell to emancipate the appellees; and his will is sufficient for that purpose, although it is not sealed.
It is not important to inquire, whether the will, ipso facto, emancipated the appellees, or whether that object remained to be accomplished by formal deeds to be executed by the executor. For the mere intention of the testator that the executor should emancipate them, conferred a right to freedom, which, though it could not be asserted in a court of law, ought to be enforced in a court of equity. Dempsey v. Lawrence, Gilm. 333.
*472 But the right to emancipate slaves is subordinate to the obligation to pay debts previously contracted, by the express provisions of the statute. Admitting, therefore, that the will, in this case, conferred as perfect an emancipation as any known to our laws, still the appellees remained liable to the payment of Campbell’s debts; and although the assent of the executor to their emancipation, might possibly protect them from an execution at law (a point which need not he decided) in like manner as his assent to the bequest of a personal chattel, would exempt that chattel from a similar execution, yet the assent of an executor to any legacy, can never defeat the right of a creditor to pursue, in a court of equity, the assets of a testator, in the hands of the legatee, if necessary for the payment of his debts.
In this case, therefore, an account ought to be taken of the assets, both real and persona], of Campbell, (for we are of opinion, that the will subjected the real estate to the payment of his debts), and of the administration thereof by the executor; and if it shall appear that the debts of the testator can be satisfied without resort to the value of the appellees, then the appellees should be considered and declared free; hut if that cannot be wholly accomplished, then the appellees should be sold for such term of years as may he sufficient to raise the adequate fund; as was directed in the case of Patty v. Colin, 1 Hen. Munf. 519.
The decree of the chancellor is therefore reversed, and the cause remanded to be proceeded in according to the principles here declared.