Allen, J.
delivered the opinion of the court.
The court is of opinion, that the statute authorizes two modes of emancipation; one, by last will and testament ; the other, by an instrument of writing executed, attested, proved or acknowledged in the mode prescribed. That the last will and testament intended, is such last will and testament, so executed and proved, as to constitute by the law a valid testamentary disposition of property, of the kind referred to in it. That the mode in which a valid disposition might be made by last will and testament, had been previously regulated; and it was not the purpose of the statute, by attaching new qualifications to a will emancipating slaves, to distinguish between wills conferring emancipation, and wills disposing of slave property otherwise: and that the directions of the statute contained in the clause under consideration, must refer to, and be restricted to the other instrument of writing by which the owner was authorized to emancipate slaves.
The court is further of opinion, that the declarations of the decedent, as proved and reduced to writing, did constitute a good nuncupative will; and as such were properly admitted to probat by the county court as the nuncupative will of Richard Boggess, deceased: and that therefore the sentence and order of the county court should have been affirmed. Therefore it is considered that the judgment of the circuit court reversing the sentence or order of the county court admitting said nuncupative will to probat is erroneous; and is reversed *143 with costs: and this court proceeding to give such judgment as the circuit superior court should have given, affirms the sentence of the county court.