Moncure, J.
delivered the opinion of the court:
This is a supersedeas to a judgment of the Circuit court of Fairfax, in a suit for freedom, brought by Joseph Blackstone and two others against Henry W. Thomas, adm’r de bonis non with the will annexed of Patrick J. Reid. The jury found in a special verdict, that the said Reid died in the county of Fairfax, having first made his will, which, after his death, to wit, on the 16th of February 1852, was duly admitted to record in the County court of said county, and is in the words and figures following, viz: *364 “In the name of God, amen. I will and bequeath to my nephew John Reid of Pittsburg all that I die possessed of, land, negroes, bonds, cash, horses and cows and household furniture. If Barney Reid is living or any other of my relations, I wish him to divide equally among them.
P. J. Reid,
Nov. 15, 1851. From the county of Austin, Ireland.
N. B. — I wish you to take the negroes to Penn’a, where they will be free.
P. J. Reid.”
That the plaintiffs were negro slaves of said P. J. Reid at the time of his death, and are now held in slavery by the defendant, and have been so held since the death of said Reid. And if upon the whole matter so found, it should seem to the court that the issue was for the plaintiffs, then the jury found for them, and assessed the damages of each of them at fifty dollars. But if it should seem to the court that the issue was for the defendant, then the jury found for him.
The court rendered judgment on the said verdict for the plaintiffs; and the defendant obtained a supersedeas.
In the petition for the supersedeas, the first and main error assigned in the judgment is, that upon a true construction of the will of P. J. Reid, the plaintiffs were not entitled to their freedom. The question raised by this assignment of error is discussed at great length, in the petition .and in the printed arguments of the counsel on both sides ; and many authorities, pro and con, are thei’ein cited. But in the view which this court takes of the case, it will be unnecessary and would be improper now to decide that question. Two other grounds of error in the judgment are relied on, which are thus stated in the petition.
“ 1st. The administrator or defendant never as *365 sented to the bequest of emancipation, and an action at law could not be brought. Nor did it appear by the special verdict that there were no debts, for which the negroes, though emancipated, might not be liable,
2d. The will, if it emancipated, did not require the administrator to grant it. The devise is to John Reid in trust for emancipation. It was the administrator’s duty to hand them over to the legatee; and a court of equity could alone execute the trust reposed in him.
An action at law does not lie under the will against the administrator.”
These two grounds of error, in proper order, first present themselves for our consideration; and if they or either of them be well assigned, there is an end of the case. We think they are both well assigned.
As to the 1st. While the statute declares, that “ Any person may emancipate any of his slaves by last will in writing, or by deed, recorded in the court of his county or corporation” (Code, ch. 103, § 9), it also declares, that “ all slaves emancipated as aforesaid shall be liable for any debt contracted by the person emancipating them, before such emancipation is made.” (Id. § 11.) The slaves of a testator emancipated by his will, are a part of his assets, which his personal representative is entitled to receive, and bound to apply if necessary to the payment of his debts. They cannot recover their freedom of the personal representative in an action at law, without proving his assent to their emancipation. Tucker, P. in Nicholas v. Burruss, 4 Leigh 289, 295; Anderson's ex'ors v. Anderson, 11 Id. 616; 2 Lomax Ex’ors 236-238, new edition. He has a right to withhold his assent until he can ascertain that they will not be required for the payment of debts. If he improperly withhold his assent, or retain possession of them longer than is necessary, they are not without remedy, but may obtain relief by a suit in equity. That a court of equity had *366 jurisdiction in such a case before the enactment of the Code, is well settled by authority. 2 Lomax Ex’ors 338; Patty, &c. v. Colin, &c. 1 Hen. & Munf. 519; Dempsey v. Lawrence, Gilm. 333; Dunn v. Amey, 1 Leigh 465; Pamp's adm’r v. Mingo, 4 Leigh 163; Anderson’s ex’ors v. Anderson, 11 Id. 616; Ellis v. Jenny, 2 Rob. R. 597; Peter v. Hargrave, 5 Gratt. 12; Jincey v. Winfield’s adm'r, 9 Id. 708. There is no material difference between the old and the new law in regard to the remedy of persons unlawfully detained in slavery, as may be seen by comparing 1 Rev. Code, ch. 124, § 4, 5, 6, 7 and 8, with the Code, ch. 106. The same reason exists under the new law as existed under the old for the jurisdiction of a court of equity in such cases; and the authorities above cited are as applicable to the former as they were to the latter. No suit can be maintained, either at law or in equity, for the recovery of freedom, unless it has been conferred in the mode prescribed by law. And the suit must always be brought at law, when there is no impediment to the legal remedy. ' But the legal remedy may sometimes be obstructed; as where an executor improperly withholds his assent to the emancipation; and then the aid of a court of equity may be invoked to prevent a failure of justice. There can be no right with-* out a remedy; and wherever the law gives a right, it gives by implication, if not expressly, such remedies as may be necessary to recover that right. On this principle the cases before cited depend. And on the same principle it has been held, and is well settled, that emancipated slaves may propound for probate the deed or will conferring their right to freedom. 2 Lom. Ex’ors 337; Redford’s adm’r v. Peggy, 6 Rand. 316; Manns v. Givens, 7 Leigh 689; Phœbe v. Baggess, 1 Gratt. 129; Ben Mercer v. Kelso’s adm’r, 4 Id. 106.
The assent of the defendant to the emancipation of the plaintiffs being necessary to maintain this action, *367 and no such assent having been found in the special verdict, the judgment must for that cause be reversed. ■ In Nicholas v. Burruss, 4 Leigh 289, there was a demurrer to evidence, and the court inferred the assent of the executor from the evidence set out in the demurrer. In this case, even if there had been a de- • murrer to evidence instead of a special verdict, nothing appears from which such assent could have been inferred. But upon a special verdict, the court cannot •infer other facts from those found by the jury. 1 Rob. Pr. 872-3, and the cases cited. In the case of Lemon v. Reynolds, 5 Munf. 552, there was a special verdict, in which it does not appear that the assent of the defendant was found, though the substance only of the verdict is set out in the report. The only question litigated in that case was as to the validity of an emancipation conferred by a will accidentally destroyed in the testator’s lifetime, but of which a copy was admitted to probate after his death. No question appears to have been raised, either in the court below or in this court, in regard to the assent of the defendant, who indeed had no counsel in this court. The case occurred in 1817, long before the necessity for proof of an executor’s assent to an emancipation conferred by the will of his testator, in an action at law for freedom, had been settled, or even considered, by this court. It cannot be regarded as an authority to show that such proof in such an action is unnecessary, or that the fact may be inferred from a special verdict which finds nothing on the subject. In Hunter v. Humphreys, ante, p. 287, the action was not against the personal representative of the testator under whose will freedom was claimed by the. plaintiff, but against the personal representative of a person claiming as legatee under the will. Proof of the former’s assent was therefore unnecessary.
As to the second of the two grounds of error last *368 assigned. The devise of the testator’s whole estate, including negroes, is to his nephew John Reid: and whether it be to him in his own right, or as trustee, in whole or in part, he alone can maintain an action at law for the estate, or any part of it. He is entitled to receive the whole estate, or so much of it as may remain after the payment of debts and expenses of administration. If the will creates a valid trust in regard to any part of the subject, and there should be. a breach of trust, or any reasonable ground for apprehending one, the parties injured or likely to be injured thereby, can obtain relief in a court of equity. The negroes, if emancipated at all, are emancipated by means of such a trust. But whether they are so emancipated or not, is a question which it would be premature now- to decide, and which can only be decided in a suit between proper parties. Whether an action at law could be .maintained by them against John Reid, after he-shall have received possession of them, is also a question which it is unnecessary, and would be improper, now to decide.
We think the judgment must be reversed.
Judgment- reversed.